MARY B. ESKRIDGE *vs.* REUBEN B. JONES.

Where the service of a writ is not personal, the terms of the statute must be exactly complied with.

Therefore the following return held insufficient, to wit: "Executed by leaving a copy at her residence, the said Eskridge not being at home, nor any white person over the age of sixteen years, being at the said residence."

THIS cause is brought by writ of error from the circuit court of Claiborne county.

The opinion of the court states sufficiently the facts with reference to the points on which the opinion was based.

*Thrasher,* for plaintiff in error.

The sheriff made the following return on the writ, to wit: " Executed on Mary B. Eskridge, by leaving a copy at her residence, the said Eskridge not being at home, nor any white person over the age of sixteen years, being at the said residence of M. B. Eskridge, Nov. 23d, 1842."

In case the defendant is absent, or cannot be found, and that there is no free white person over the age of sixteen years, who is a member of the family of defendant, then the law requires the sheriff to leave a copy of the writ "at some public place at the dwelling house of the defendant." Rev. Code, 114, § 44.

The return of the sheriff does not show that the copy of the writ was thus left; for aught that appears by the return, it was left in the field, thrown into the yard, or other place not likely to be found. The requisites of the law in such case, have not been complied with. The judgment, therefore, was improperly rendered, without a service of the writ, or such substitute for service as the law prescribes.

*H. T. Ellett,* for defendant in error.

The only question in the cause, is in regard to the sufficiency of the sheriff's return. He states that he left a copy of the writ

at the residence of the defendant, she not being at home, and no proper person being there to receive it. The question is, simply, whether it is necessary for the sheriff to state in what particular spot in the house he left the writ, so that the court may prove whether it is a public place or not? The necessity or propriety of such a return is not perceived. The presumption is, that the sheriff discharged his duty, and where he returns that he left the writ at the party's residence, the court will hardly intend that he concealed it where it could not be found, or that he buried it under the house. No particular spot is designated in the statute, and the return clearly covers all the material requirements.

Mr. Justice CLAYTON delivered the opinion of the court.

There was a judgment by default in this case, and writ of inquiry executed, to reverse which this writ of error is brought. The first cause assigned for reversal is the insufficiency of the service of process. The return is as follows: "Executed by leaving a copy at her residence, the said Eskridge not being at home, nor any white person over the age of sixteen years, being at the said residence." The objection to the return is, that it does not show that the copy was left at some public place at the residence.

By the former adjudications of this court, it has been settled that if the defendant be not personally served with process, then the alternative service prescribed in the statute may be substituted. But in the latter instance, nothing, but the most exact compliance with the terms of the statute, will be deemed sufficient. 5 How. 664. 3 Ib. 35. Any relaxation of the interpretation of this act, might do great injustice, and lead to very disastrous consequences. To decide upon the rights of parties who have received no notice, is always full of hazard. Indeed so far does the common law carry its dread of *ex parte* proceedings, it is one of its maxims, "that he who decides, one party being unheard, does wrong, though he may decide right." So far as the statute allows a departure from the strict common law requisition of personal service, we are bound to follow it; but

Eskridge *v.* Jones.

we do not feel authorized to dispense with the requirement, that the return should show that the copy was left at a public place at the residence. In this case, the return being deficient in this particular, does not warrant the rendition of any judgment.

As the cause will be reversed and sent back for this error, it is useless to consider any of the others.

*Judgment reversed, and the cause remanded for further proceedings.*